IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEAH ELLIOTT, ) | |
| AIS #185529, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-531-ID |
| ) | [WO] |
| EDWARD ELLINGTON, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Leah Elliott ["Elliott"], a state inmate, on June 8, 2009.[1] In this petition, Elliott challenges the amount of time credit awarded to her by the Circuit Court of Morgan County, Alabama on a sentence imposed in 1996 for attempted murder.

### DISCUSSION

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Elliott contends the amount of time-served credit granted to her by the Circuit Court of Morgan County, Alabama is incorrect and requests that the court be required to award her additional "credit for the time [she] spent on bond...." *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 5. Morgan County is located

---

[1]The Clerk of this court stamped the present petition "received" on June 8, 2009. Elliott advises that her parents placed the petition in the United States mail for delivery to this court. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15. Thus, under the circumstances of this case, the prison "mailbox rule" is not applicable and the appropriate date of filing is the date the court received the petition - June 8, 2009.

within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that transfer of this case to the Northern District for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before July 2, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent

---

[2] In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claim for relief nor whether the petitioner has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C.§ 2244(b)(1)(A).

all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 19th day of June, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE